

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| COURTNEY M. TISCHENDORF, | § |
| | § |
| Petitioner, | § |
| | § |
| | § |
| VS. | § NO. 4:07-CV-273-A |
| | § |
| GINNY VAN BUREN, Warden, | § |
| FMC-Carswell, | § |
| | § |
| Respondent. | § |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Courtney M. Tischendorf is petitioner and Ginny Van Buren, Warden, FMC-Carswell, is respondent. This is a petition for writ of habeas corpus in which petitioner, a federal prisoner, seeks relief under 28 U.S.C. § 2241.

I.

Background

On February 27, 2006, petitioner was sentenced to a 33-month term of imprisonment followed by a four-year term of supervised release for violating 18 U.S.C. § 656. She is currently serving this sentence at a Satellite Camp at FMC-Carswell, Fort Worth, Texas. Petitioner is expected to complete her prison sentence on

September 23, 2008, because of good conduct time release. The Bureau of Prisons ("BOP") has projected June 29, 2008, as the date on which it will consider petitioner for placement in a Community Correction Center ("CCC"). Plaintiff moves pursuant to 28 U.S.C. § 2241 for an order directing the BOP to consider in good faith the placement of petitioner in a CCC at least 180 days prior to the end of her sentence of imprisonment.

II.

## Applicable Statutes and Regulations

BOP has the authority to designate confinement facilities and determine pre-release custody placements for federal prisoners. This authority, granted to BOP by Congress, is found in two statutes, 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) states:

> (b) Place of imprisonment.-The Bureau of Prisons shall designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;

>        (3) the history and characteristics of the
> prisoner;
>
>        (4) any statement by the court that imposed
> the sentence--
>
>> (A) concerning the purposes for which
>> the sentence to imprisonment was determined
>> to be warranted; or
>
>> (B) recommending a type of penal or
>> corrections facility as appropriate; and
>
>        (5) any pertinent policy statement issued by
> the Sentencing Commission pursuant to section
> 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making
> transfers under this subsection, there shall be no
> favoritism given to prisoners of high social or
> economic status. The Bureau may at any time, having
> regard for the same matters, direct the transfer of a
> prisoner from one penal or correction facility to
> another. The Bureau shall make available appropriate
> substance abuse treatment for each prisoner the Bureau
> determines has a treatable condition of substance
> addiction or abuse.

18 U.S.C.A. § 3621(b) (West 2000). Section 3624(c) states:

>        (c) Pre-release custody.-The Bureau of Prisons
> shall, to the extent practicable, assure that a
> prisoner serving a term of imprisonment spends a
> reasonable part, not to exceed six months, of the last
> 10 per centum of the term to be served under conditions
> that will afford the prisoner a reasonable opportunity
> to adjust to and prepare for the prisoner's re-entry
> into the community. The authority provided by this
> subsection may be used to place a prisoner in home
> confinement. The United States Probation System shall,

to the extent practicable, offer assistance to a
prisoner during such pre-release custody.

18 U.S.C.A. § 3624(c) (West 2000).

The applicable BOP regulations implementing these statutes became effective February 14, 2005, and are codified at Community Programs, 28 C.F.R. §§ 570.20 and 570.21 (2006) (collectively, "BOP Regulations"). Section 570.20 states:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
>
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Center (CCC) (also known as "halfway houses") and home confinement.

Section 570.21 provides:

> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
>
> (b) We may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

III.

Analysis

A. Jurisdiction

1. Section 2241

Respondent contends that petitioner does not have a right to bring this action pursuant to 28 U.S.C. § 2241. The better-reasoned circuit decisions have held to the contrary. In Warren v. Miles, 230 F.3d 688 (5th Cir. 2000), the issue before the court was the consideration of a federal prisoner for early release. The Fifth Circuit held that § 2241 "is the proper habeas remedy for challenging the execution of a sentence." Id. at 694; see also Leggett v. Fleming, 380 F.3d 232, 234 (5th Cir. 2004)(considering time credit issues), United State v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992)(same). While the Fifth Circuit has not specifically addressed what vehicle should be used by a federal prisoner to challenge where a federal sentence should be served for purposes of pre-release custody, at least two circuits have held that a § 2241 action is proper. See Levine v. Apker, 455 F.3d 71, 77-78 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005). The court agrees with those holdings. The court concludes that petitioner is challenging the "execution" of her sentence and thus, her

petition filed pursuant to § 2241 is the proper vehicle in which to seek relief.

2. <u>Ripeness</u>

"Article III of the Constitution confines federal courts to the decision of 'cases' and 'controversies.' A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction." <u>Shields v. Norton</u>, 289 F.3d 832, 834-35 (5th Cir. 2002)(footnote omitted)(citing <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 148-49 (1967)).

Here, respondent argues that petitioner's claim is not ripe for review because BOP staff does not need to consider her for placement in a halfway house until eleven to thirteen months prior to her scheduled release date, which is in September of 2008. Petitioner argues that if the court were to grant her petition then she could be considered for halfway house placement as early as March of 2008. Even assuming petitioner's scheduled release date remains in September of 2008, that date is less than eleven months from now, and, thus, respondent's ripeness argument is moot.

6

B. Exhaustion of Administrative Remedies

As a general rule. a prisoner seeking habeas relief under § 2241 must first exhaust administrative remedies. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). To be excused from this exhaustion requirement, the prisoner must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or that to pursue the existing administrative remedies would be patently futile. Id.

Here, petitioner challenges BOP Regulations which categorically deny consideration for community confinement before a certain point in time. Accordingly, the court concludes that any further attempt by petitioner to seek relief through administrative remedies would be patently futile. Therefore, petitioner is excused from the exhaustion requirement. Id.; see Bell v. Wiley, 481 F. Supp. 2d 1168, 1172 (D. Colo. 2007)(holding that administrative relief for a challenge to 28 C.F.R. § 570.21 is not possible because BOP has predetermined the issue).

C. BOP Regulations

The issue before the court is whether BOP Regulations, which are challenged by petitioner, are a valid interpretation of 18 U.S.C. §§ 3621(b) and 3624(c). The Fifth Circuit has not decided this issue but four other circuit courts, as well as two judges

7

of this court, have held that the BOP Regulations are contrary to Congress' clear and unambiguous intent under § 3621(b) and, thus, invalid. <u>Levine</u>, 455 F.3d 71; <u>Woodall</u>, 432 F.3d 235; <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006); <u>Wedelstedt v. Wiley</u>, 477 F.3d 1160 (10th Cir. 2007); <u>Mihailovich v. Berkebile</u>, No. 3:06-CV-16-3-N, 2007 WL 942091 (N.D. Tex. March 28, 2007); <u>Briggs v. Van Buren</u>, No. 4:06-CV-800-Y, 2007 WL 3019238 (N.D. Tex. Oct. 16, 2007). The court disagrees with those holdings. In the court's view, those holdings have resulted from an improper focus on § 3621(b) without consideration being given to the broader imprisonment-pre-release scheme contemplated by §§ 3621(b) and 3624(c) combined.

A federal district court's review of an agency's interpretation of a statute is governed by <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984). In <u>Chevron</u>, the United States Supreme Court stated that

> [w]hen a court reviews an agency's construction of the statute which [the agency] administers, [the court] is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute,

> as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Id. at 842-43 (footnotes omitted).

Here, respondent argues that in promulgating §§ 3621(b) and 3624(c) Congress was silent on the issue of whether BOP could make a categorical designation that CCCs are only for prisoners in pre-release custody, with the exception of certain statutory designations. Respondent maintains that the issue presented in this case is akin to that decided by the Supreme Court in Lopez v. Davis, 531 U.S. 230 (2001), in which the Court held that BOP's categorical exercise of discretion was a permissible interpretation of § 3621(e)(2)(B). Id. at 242. Specifically, in Lopez, the Court upheld the BOP interpretation that categorically excluded prisoners from eligibility for early release for successful completion of the substance abuse treatment program if those prisoners were convicted of an offense using a firearm. Id. at 244. In doing so, the court, applying Chevron, concluded that, although Congress was silent on the issue, the BOP regulation was a permissible interpretation of § 3621(e)(2)(B). Id. at 244.

In its response to the petition, respondent relies on the following language from Lopez: "'even if a statutory scheme requires individualized determinations . . . the decision maker has the authority to rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority.'" Resp. 16 (quoting Lopez, 531 U.S. at 243-44). Respondent contends that the analysis in Lopez is applicable to the instant action because, just as in § 3621(e)(2), Congress granted BOP wide discretion under §§ 3621(b) and 3624(c), including the authority to limit community confinement designations to prisoners in pre-release status, and in both instances did not prohibit such discretion from being exercised categorically.

Petitioner contends that a proper application of Chevron to the statute leads to the conclusion that Congress clearly and unambiguously intended that BOP be required to make on individualized case-by-case assessment in deciding whether a prisoner should be designated for CCC placement. The argument petitioner makes is best summed up by the Tenth Circuit's reasoning in Wedelstedt that:

> The BOP regulations contradict Congress' clear intent that all inmate placement and transfer decisions be made individually and with regard to the five factors

10

enumerated in 18 U.S.C. § 3621(b). The regulations at issue supplant the five factors and, therefore, are invalid.

477 F.3d at 1162. Petitioner urges the court to adopt this reasoning and conclude that BOP's Regulations are not a permissible interpretation of § 3621(b) and, therefore, are invalid.

The court declines petitioner's invitation to adopt the reasoning expressed in Wedelstedt. The court views the issue in a different way. The question is not whether BOP has the authority to disregard the factors set out in § 3621(b) by categorically designating individuals, rather, the issue is whether BOP is authorized to categorically designate a type of facility for only pre-release purposes. The court finds persuasive the reasoning of the dissent in Levine:

> I construe the [BOP Regulations] as a permissible categorical rejection of CCCs as appropriate and suitable facilities for § 3621(b) designations generally, with a limited exception only for those circumstances where Congress has identified statutory considerations. . . .
>
> . . . .
>
> The rule does not eliminate § 3621(b) factors from any placement consideration: rather, it eliminates a particular type of facility-CCCs-from among those to which a prisoner can be designated when only the five § 3621(b) factors inform the BOP's placement decision.
>
> . . . .

11

> In light of the statutory scheme, the BOP might well conclude that (1) it does not generally consider CCCs appropriate and suitable facilities for the service of incarceratory sentences; nevertheless (2) these facilities, which are, after all, designed to promote community reentry, can usefully serve the § 3624(c) mandate.

455 F.3d at 88-89 (Raggi, J., dissenting). The court agrees that BOP's decision categorically to limit CCCs for use as pre-release custody facilities, with some exceptions, is in no way contrary to congressional intent. The fact that BOP has predetermined that a CCC is generally not a suitable facility to be considered for initial placement or transfer does not mean that BOP's decisions regarding placement and transfer are any less individual. Congress' intent evidenced by §§ 3621(b) and 3624(c) to give BOP broad discretion regarding the designation of a facility only for pre-release purposes is clear. The court agrees with the following observations of the concurring judge in Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004):

> Even if the statutory criteria for making assignments and transfers could be read to guarantee some sort of individualized treatment, it is apparent to me that BOP would still have the authority to make a categorical rule excluding some or all CCC placements, except as required for end of sentence placements governed by § 3624(c).

Id. at 33 (Howard, J., concurring).

Moreover, even if Congress' intent on this issue was not facially apparent from the statute, BOP's interpretation of §§ 3621(b) and 3624(c), as expressed in the BOP Regulations, is permissible. See Chevron, 467 U.S. at 842-43 (stating that if the court determines that the statute is silent or ambiguous on the specific issue, "the question is whether the agency's answer is based on a permissible construction of the statute"). Two canons of statutory construction are helpful in reading § 3621(b), a general provision, in light of § 3624(c), a more specific provision. See Elwood v. Jeter, 386 F.3d 842, 847-48 (8th Cir. 2004) (Riley, J., dissenting). One mandates that specific statutory provisions govern over more general provisions. Varity Corp. v. Howe, 516 U.S. 489, 511 (1996). The other is that courts have a "duty to give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section". United States v. Menasche, 348 U.S. 528, 538-39 (1955)(internal quotation marks omitted). In other words, courts should be "reluctant to treat statutory terms as surplusage." Babbitt v. Sweet home Chapater, Cmtys. for Great Ore., 515 U.S. 687, 698 (1995).

Congress articulated in § 3621(b) a general rule that BOP must follow in deciding, on a case by case basis, where to place

or transfer prisoners. Section 3624(c) is a more specific statute governing prisoners' pre-release custody--a specific part of a prisoner's sentence that can consist of the last ten percent of the sentence, not to exceed six months. Reading the sections together, "[t]he specific ten percent/six month limitations contained in section 3624(c) expressly restrict BOP's broad grant of general authority and discretion conferred under § 3621(b)." Elwood, 386 F.3d at 848 (Riley, J., dissenting). This reading insures that words in the statute are not rendered meaningless and "specifically gives life to section 3624's limitations on placements in transitional facilities at the end of an inmate's term," id.; and "[s]uch an interpretation further complies with the canon, the specific governs the general." Id. (internal quotation marks omitted). Accordingly, the court concludes that the BOP Regulations are a permissible, and thus valid, application of §§ 3621(b) and 3624(c).

If the statutory interpretation urged by petitioner, with the support of several court decisions, were to be adopted, § 3624(c) would be rendered virtually meaningless. The "a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served" would be written out of § 3624(c) by such a statutory interpretation, because, under that

14

interpretation, every prisoner would be entitled to be considered at any point in the service of his sentence for placement in a pre-release custody facility. As the dissent put it in Elwood:

> By reading the two [§§ 3621(b) and 3624(c)] together to permit the BOP to begin to transition inmates at any time during their imprisonment, the majority eviscerates both the specific limitations set forth in section 3624(c) and Congress's express intention to limit the amount of time permitted for CCC placement at the conclusion of an inmate's term.

Id.

Whether viewed as being authorized facially by the statute or by a permissible reading of the statute, the BOP had the authority under §§ 3621(b) and 3624(c) to adopt the regulation that designates "inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community," 28 C.F.R. § 570.20, and to "designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months," id § 570.21.

IV.

ORDER

For the reasons discussed above,

The court ORDERS that the petition be, and is hereby, denied.

SIGNED December 5, 2007.

_____
JOHN McBRYDE
United States District Judge